# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1017
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| James D. Litchfield, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 16, 2002

Filed: April 23, 2002
_____

Before HANSEN, Chief Judge, McMILLIAN, and FAGG, Circuit Judges.
_____

PER CURIAM.

James D. Litchfield violated special conditions of his supervised release by drinking alcohol, losing the drug-testing patch he was to wear, and working for and with other convicted felons on supervised release. After receiving information that Litchfield was drinking at a local bar, Litchfield's probation officer went to the bar and observed Litchfield drink alcohol. When Litchfield reported to his probation officer the next day, he admitted drinking the night before and on other occasions. Litchfield also admitted the other violations of his supervised release conditions.

During the final revocation hearing, the district court[*] asked the probation officer to testify about how she came to investigate the particular bar where Litchfield was drinking. The probation officer explained the phone call she received. Litchfield unsuccessfully objected, arguing the testimony about the phone call was hearsay. Based on Litchfield's violations, the district court revoked his supervised release and sentenced him to nine months imprisonment and fifty-one months supervised release.

Litchfield appeals, arguing the district court did not balance Litchfield's right to confront the witness against the grounds asserted by the government for denying confrontation before admitting the hearsay testimony. United States v. Reynolds, 49 F.3d 423, 426 (8th Cir. 1995). We reject Litchfield's argument. Even if the district court improperly failed to engage in the balancing test, the district court's failure is harmless error because the properly considered evidence clearly establishes that Litchfield violated the terms of his supervised release. See United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994). "In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions." Harris v. Rivera, 454 U.S. 339, 346 (1981). Here, the admission of the hearsay testimony is not reversible error because the district court's decision is supported by ample competent evidence in the record. See Greater Kan. City Laborers Pension Fund v. Superior Gen. Contractors, Inc., 104 F.3d 1050, 1057 (8th Cir. 1997).

We affirm the district court's order revoking Litchfield's supervised release. See 8th Cir. R. 47B.

---

[*]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.